IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LINDELL MOORE, ZAVETA D. MOORE, PRINCESS ZATEEMA STAR ASIA MOORE, and TISHEMA DAQUANDA MOORE, | : : : : : | |
| Plaintiffs, | : : | CIVIL ACTION NO. 19-5908 |
| v. | : : : | |
| STATE OF PENNSYLVANIA, CHILDREN & YOUTH OF LEHIGH COUNTY, STEPHANIE R. MORRISON, and OSCAR MORRISON, | : : : : : | |
| Defendants. | : | |

**MEMORANDUM OPINION**

Smith, J.                                                                                                                                                                                    January 23, 2020

In this action, one *pro se* plaintiff has applied for leave to proceed *in form pauperis* and has filed a complaint in which he attempts to bring claims, on his own behalf and on behalf of the other plaintiffs, under 42 U.S.C. § 1983. He generally claims that a county office of children and youth violated his constitutional rights when it removed his children from his custody. He seeks monetary damages and the return of his children.

Although the court will grant the *in forma pauperis* application by one plaintiff, this single *pro se* plaintiff may not represent the interests of the other plaintiffs (whom he does not identify or describe except for providing their names) in this court. In addition, the complaint contains conclusory and bare-bones allegations that fail to state a plausible claim for relief insofar as there are no specific factual allegations about what occurred and how each defendant allegedly violated his constitutional rights. Moreover, to the extent that the plaintiff is asserting a claim for monetary damages against the Commonwealth of Pennsylvania, the Eleventh Amendment bars this claim.

Based on these deficiencies, the court must dismiss the complaint. The court will give leave to amend should the plaintiff be able to provide specific factual allegations to support his claims. However, the court will not permit him to reassert a claim for monetary damages against the Commonwealth of Pennsylvania, and he cannot assert claims on behalf of the other named plaintiffs.

## I. ALLEGATIONS AND PROCEDURAL HISTORY

The *pro se* plaintiff, Lindell Moore ("Moore"), filed an application for leave to proceed *in forma pauperis* (the "IFP Application") and a complaint on December 13, 2019. Doc. Nos. 1, 2. In the complaint, Moore seeks to challenge the removal of his children from his care and custody and names as defendants: (1) the Commonwealth of Pennsylvania;[1] (2) the Lehigh County Office of Children and Youth Services ("CYS");[2] (3) Stephanie R. Morrison; and (4) Oscar Morrison. *See* Compl. at 1, 2, Doc. No. 2. He also appears to name Zaveta D. Moore, Princess Zateema Star Asia Moore, and Tishema Daquanda Moore, as plaintiffs in this matter. *See id.* at 1, 3. He does not, however, explain his relationship with these individuals or set forth any details regarding the nature of their claims or the facts giving rise to any claims these other individuals seek to assert. In addition, Moore signed the complaint, and it appears that he also signed it on behalf of Zaveta D. Moore as the handwriting for both signatures appears to be the same. *See id.* at 7. Moreover, the complaint does not contain signatures for any of the other named plaintiffs, and only Moore has filed an application for leave to proceed *in forma pauperis*.

The factual allegations in the complaint are very sparse and bare-bones. Moore alleges only that CYS, Stephanie R. Morrison, and Oscar Morrison unconstitutionally took his children from him sometime in September 2018. *See id.* at 3. Moore does not set forth any information regarding

---

[1] The plaintiff misidentified this defendant as "State of Pennsylvania."
[2] The plaintiff misidentified this defendant as "Children and Youth of Lehigh County."

the children such as their ages or even how many children were removed from his custody and care. Although he identifies Stephanie R. Morrison and Oscar Morrison as defendants, he does not allege any conduct whatsoever by these individuals related to the removal of his children or their roles in that process. Moore seeks to have the children returned to their parents and an award of one hundred million dollars for "punitive & pain and suffering." *Id.* at 4.

Additionally, on December 24, 2019, Moore filed a series of documents with the court which contained four separate notices, each entitled, "Writ of Execution Notice," and directed to the defendants, Stephanie R. Morrison and Oscar Morrison, as well as non-parties, Dreianna Green and Shyece Green. *See* Doc. No. 4.

## II. DISCUSSION

### A. The IFP Application

Regarding applications to proceed *in forma pauperis*,

> any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a)(1). This statute

> "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams,* 490 U.S. 319, 324, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Specifically, Congress enacted the statute to ensure that administrative court costs and filing fees, both of which must be paid by everyone else who files a lawsuit, would not prevent indigent persons from pursuing meaningful litigation. *Deutsch*[ *v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995)]. Toward this end, § 1915(a) allows a litigant to commence a civil or criminal action in federal court in [sic] *forma pauperis* by filing in good faith an affidavit stating, among other things, that he is unable to pay the costs of the lawsuit. *Neitzke,* 490 U.S. at 324, 109 S.Ct. 1827.

*Douris v. Middletown Twp.*, 293 F. App'x 130, 131–32 (3d Cir. 2008) (per curiam) (footnote omitted).

3

The litigant seeking to proceed *in forma pauperis* must establish that the litigant is unable to pay the costs of suit. *See Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989) ("Section 1915 provides that, in order for a court to grant *in forma pauperis* status, the litigant seeking such status must establish that he is unable to pay the costs of his suit."). "In this Circuit, leave to proceed *in forma pauperis* is based on a showing of indigence. [The court must] review the affiant's financial statement, and, if convinced that he or she is unable to pay the court costs and filing fees, the court will grant leave to proceed *in forma pauperis*." *Deutsch*, 67 F.3d at 1084 n.5 (internal citations omitted).

Here, after reviewing the IFP Application, it appears that Moore is unable to pay the costs of suit. Therefore, the court will grant him leave to proceed *in forma pauperis*.

### B. Standard of Review

Because the court has granted Moore leave to proceed *in forma pauperis*, the court must engage in the second part of the two-part analysis and examine whether the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or asserts a claim against a defendant immune from monetary relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)–(iii) (providing that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-- . . . **(B)** the action or appeal—**(i)** is frivolous or malicious; **(ii)** fails to state a claim on which relief may be granted; or **(iii)** seeks monetary relief against a defendant who is immune from such relief"). A complaint is frivolous under section 1915(e)(2)(B)(i) if it "lacks an arguable basis either in law or fact," *Neitzke*, 490 U.S. at 325, and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch*, 67 F.3d at 1085. As for whether a complaint is malicious,

> [a] court that considers whether an action is malicious must, in accordance with the definition of the term "malicious," engage in a subjective inquiry into the litigant's

motivations at the time of the filing of the lawsuit to determine whether the action is an attempt to vex, injure or harass the defendant.

*Id.* at 1086. "[A] district court may dismiss a complaint as malicious if it is plainly abusive of the judicial process or merely repeats pending or previously litigated claims." *Brodzki v. CBS Sports*, Civ. No. 11-841, 2012 WL 125281, at *1 (D. Del. Jan. 13, 2012).

Concerning the analysis under section 1915(e)(2)(B)(ii), the standard for dismissing a complaint for failure to state a claim pursuant to this subsection is identical to the legal standard used when ruling on motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Rule 12(b)(6) standard to dismissal for failure to state claim under section 1915(e)(2)(B)). Thus, to survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556 (citation omitted). In addressing whether a *pro se* plaintiff's complaint fails to state a claim, the court must liberally construe the allegations set forth in the complaint. *See Higgs v. Attorney Gen.*, 655 F.3d 333, 339–40 (3d Cir. 2011) (explaining that "when presented with a *pro se* litigant, we have a special obligation to construe his complaint liberally" (citation and internal quotation marks omitted)).

Moreover, Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain, *inter alia*, "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This court may dismiss a complaint that does not comply with Rule 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019); *see also Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (explaining that district court may *sua sponte* dismiss complaint that

5

does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised").

In determining whether a pleading meets Rule 8's "plain" statement requirement, the court should "ask whether, liberally construed, [the] pleading 'identified discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). A pleading may still satisfy the "plain" statement requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue." *Id.* at 93–94. In addition, "[m]issing details or superfluous material do not necessarily render a complaint unintelligible. Indeed, even if it is vague, repetitious, or contains extraneous information, a pro se complaint's language will ordinarily be 'plain' if it presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94 (citations omitted). Thus, the important consideration for the court is whether "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.*

Nonetheless, "a pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* at 93; *see also Fabian v. St. Mary's Med. Ctr.*, No. CIV. A. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (stating that Rule 8 "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue" (quotations omitted)). Dismissals under Rule 8 are "'reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Garrett*, 938 F.3d at 94 (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

### C. Analysis

#### 1. Claims Against the Commonwealth of Pennsylvania

Moore seeks to bring claims against the named defendants for violations of his civil rights pursuant to 42 U.S.C. § 1983, the vehicle by which a party can bring federal constitutional claims in federal court. Section 1983 provides in pertinent part as follows:

> Every ***person*** who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983 (emphasis added).

When attempting to establish a claim under section 1983, a plaintiff must allege and ultimately prove that a "person" deprived the plaintiff of a constitutional right while acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 49 (1988) ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.").

In this case, Moore names the Commonwealth of Pennsylvania as one of the defendants. The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. This Amendment

> has been interpreted to render states—and, by extension, state agencies and departments and officials when the state is the real party in interest—generally immune from suit by private parties in federal court. Indeed, it has been recognized for over two hundred years that a state's immunity from suit in federal court is a fundamental principle of our constitutional structure that preserves, as intended by

the Framers, the respect and dignity of the states and protects the ability of the states "to govern in accordance with the will of their citizens."

*Pa. Fed'n of Sportsmen's Clubs, Inc. v. Hess*, 297 F.3d 310, 323 (3d Cir. 2002) (quoting *Alden v. Maine*, 527 U.S. 706, 751 (1999)). The Eleventh Amendment serves as "a jurisdictional bar which deprives federal courts of subject matter jurisdiction." *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 694 n.2 (3d Cir. 1996).

The court recognizes that "Eleventh Amendment immunity is, however, subject to three primary exceptions: (1) congressional abrogation, (2) waiver by the state, and (3) suits against individual state officers for prospective injunctive and declaratory relief to end an ongoing violation of federal law." *Hess*, 297 F.3d at 323 (citation omitted). As for the first exception to Eleventh Amendment immunity, Congress did not intend to abrogate Eleventh Amendment immunity by enacting section 1983. *See Quern v. Jordan*, 440 U.S. 332, 344–45 (1979) (stating that "§ 1983 does not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States; nor does it have a history which focuses directly on the question of state liability and which shows that Congress considered and firmly decided to abrogate the Eleventh Amendment immunity of the States"). Concerning the second exception, the Commonwealth of Pennsylvania has enacted 42 Pa. C.S. § 8521(b), which expressly indicates that the Commonwealth has not waived its Eleventh Amendment immunity from suit in federal courts. *See* 42 Pa. C.S. § 8521(b) ("Nothing contained in this subchapter shall be construed to waive the immunity of the Commonwealth from suit in Federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States."); *see also Lavia v. Pa., Dep't of Corrs.*, 224 F.3d 190, 195 (3d Cir. 2000) (explaining that Pennsylvania has not waived Eleventh Amendment immunity). For the final exception, Moore seeks both monetary and injunctive relief, with the injunctive relief being a court order directing the return of his children to him.

8

The Eleventh Amendment bars Moore's claims for monetary relief against the Commonwealth of Pennsylvania and, as such, the court will dismiss those claims.[3] As for his claim for injunctive relief, even though the Eleventh Amendment would not bar this claim, Moore has failed to state a plausible claim for relief.

In this regard, like his claims against the other defendants, he does not describe the Commonwealth's action (or inaction) that violated his constitutional rights when someone (presumably CYS) removed his children from his care and custody. Without more specific facts regarding: (1) the nature of the conduct by the Commonwealth with respect to removal of the children; (2) the processes or procedures that were followed in advance of the removal; (3) the dates and times of any relevant court proceedings related to removal; and (4) the legal basis for the removal, including, but not limited to, any judicial findings regarding the care and custody of the children involved, Moore has not stated a plausible claim for relief under section 1983. As such, the court must dismiss Moore's claim for injunctive relief against the Commonwealth of Pennsylvania.

### 2. Claims Against CYS, Stephanie R. Morrison, and Oscar Morrison

Like his claims against the Commonwealth, Moore has failed to state a plausible claim under section 1983 against CYS. He does not identify the role any of these defendants played in the removal of his children; his allegations regarding the removal of his children are general and conclusory; he does not identify the ages, genders, or number of children involved; he does not allege any specific conduct by Stephanie Morrison or Oscar Morrison; and he fails to allege how

---

[3] As this dismissal based on the Eleventh Amendment is for a lack of subject-matter jurisdiction, the dismissal is without prejudice even though Moore cannot reassert another claim for monetary relief against the Commonwealth in this court. *See Figueroa v. Buccaneer Hotel Inc.*, 188 F.3d 172, 182 (3d Cir. 1999) (agreeing that "a dismissal for lack of subject matter jurisdiction is not an adjudication on the merits and thus should be ordered 'without prejudice'" (citations omitted)).

or why these individuals were involved in the removal. At bottom, the complaint fails to state a plausible claim for relief against these defendants.[4] It also does not comply with the requirements of Rule 8 because it does not provide enough information to place any defendant on sufficient notice to prepare a defense, and does not adequately inform the court on the issues that need to be determined in this matter. Therefore, the court will also dismiss any claims against CYS, Stephanie R. Morrison, and Oscar Morrison.

### 3. Claims Purportedly on Behalf of Zaveta D. Moore, Princess Zateema Star Asia Moore, and Tashema Daquanda Moore

As indicated earlier in this opinion, Moore appears to have signed the complaint on behalf of himself and Zaveta D. Moore. *See* Compl. at 5. He also named Princess Zateema Star Asia Moore and Tishema Daquanda Moore as plaintiffs, although they did not sign the complaint. As currently drafted, it appears that Moore seeks to bring claims on behalf of these three other individuals by way of the complaint.

Moore may not represent these other purported plaintiffs in federal court. *See Murray on behalf of Purnell v. City of Philadelphia*, 901 F.3d 169, 170 (3d Cir. 2018) ("Although an individual may represent herself and himself pro se, a non-attorney may not represent other parties

---

[4] Regarding CYS, "Pennsylvania county offices of children and youth services are treated as municipalities for purposes of *Monell*[ *v. Department of Social Services of the City of N.Y.*, 436 U.S. 658 (1978)]." *Hatfield v. Berube*, 714 F. App'x 99, 102 n.1 (3d Cir. 2017) (citing *Mulholland v. Gov't Cty. of Berks*, 706 F.3d 227, 237 (3d Cir. 2013)); *see also Rees v. Office of Children and Youth*, 473 F. App'x 139, 143–44 (3d Cir. 2012) (affirming district court determination that plaintiff failed to state plausible *Monell* claim against county office of children and youth services). To plead a basis for municipal liability against CYS under section 1983, Moore must allege that it violated his constitutional rights because of a custom or policy that it adopted. *See Monell*, 436 U.S. at 694. To assert a plausible claim under section 1983, Moore "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the applicable pleading standard. *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009) (citation omitted). A "policy" arises when a decision-maker possessing final authority issues an official proclamation, policy, or edict. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481 (1986). "Customs" are practices so permanent and well-settled as to virtually constitute law. *Monell*, 436 U.S. at 691. Regardless of whether a plaintiff is seeking to impose *Monell* liability for a policy or a custom, "it is incumbent upon a plaintiff to show that a policymaker is responsible either for the policy or, through acquiescence, for the custom." *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990); *see also Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990) (explaining that in both methods to obtain liability under *Monell*, "a plaintiff must show that an official who has the power to make policy is responsible for either the affirmative proclamation of a policy or acquiescence in a well-settled custom").

in federal court."); *see also Osei-Afriyie ex rel. Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882–83 (3d Cir. 1991) (explaining that non-attorney parent could not represent interests of minor children in federal court); *Twp. of Lyndhurst, N.J. v. Priceline.com, Inc.*, 657 F.3d 148, 154 (3d Cir. 2011) ("[A] plaintiff must assert his or her own legal interests rather than those of a third party [to have standing to bring a claim]." (internal quotation marks omitted)); *cf. Williams v. United States*, 477 F. App'x 9, 11 (3d Cir. 2012) (per curiam) ("Faison Williams's power of attorney for her father may confer certain decision-making authority under state law, but it does not permit her to represent him *pro se* in federal court."). Only the other named plaintiffs, or a licensed attorney, may bring claims on their own behalf in federal court. *See* 28 U.S.C. § 1654 (providing in pertinent part that, "[i]n all courts of the United States the parties may plead and conduct their own cases *personally* or *by counsel* . . ." (emphasis added)). Therefore, the court will dismiss any claims purportedly brought on behalf of or by Zaveta D. Moore, Princess Zateema Star Asia Moore, and Tashema Daquanda Moore.[5]

### 4. Leave to Amend

A district court should generally provide a *pro se* plaintiff with leave to amend unless amending would be inequitable or futile. *See Grayson v. Mayview St. Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002) (stating general rule). Also, "in civil rights cases district courts must offer amendment—irrespective of whether it is requested—when dismissing a case for failure to state a

---

[5] Since Moore failed to identify or describe these other plaintiffs other than referencing their names, it is difficult for the court to provide guidance to the plaintiffs should they seek to pursue claims on their behalves. If one of the three additional plaintiffs is the mother of the children, this individual would also need to apply for leave to proceed *in forma pauperis* or pay the filing fee ($350.00) and administrative fee ($50.00) to join in Lindell Moore's action in this case. In addition, to the extent that Moore or the mother of the children (or both) would seek to proceed on behalf of the children, they may not do so. *See Osei-Afriyie*, 937 F.2d at 882–83 (concluding that right to proceed *pro se* in federal court does not permit non-attorney parents right to represent their children in federal court); *Brown v. ARC Cmty. Trust of Pa.*, Civ. A. No. 18-CV-4540, 2018 WL 6417345, at *1 n.2 (E.D. Pa. Dec. 6, 2018) ("As a non-attorney proceeding *pro se*, [the plaintiff] cannot represent [her children] in this matter or raise claims on their behalf." (citations omitted)).

11

claim unless doing so would be inequitable or futile." *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007). In this case, the court will provide Moore with the opportunity to amend his complaint should he be able to assert a plausible claim for relief against a proper defendant.

### III.    CONCLUSION

For the foregoing reasons, the court will grant Moore leave to proceed *in forma pauperis* and dismiss his complaint under 28 U.S.C. § 1915(e)(2)(B)(ii). This dismissal will be without prejudice to Moore's right to file an amended complaint within 30 days if he can set forth a plausible claim for relief against a proper defendant.

A separate order follows.

BY THE COURT:


/s/ *Edward G. Smith*
EDWARD G. SMITH, J.